1  **KELLEY DRYE & WARREN LLP**
2  Becca J. Wahlquist (State Bar No. 215948)
   BWahlquist@kelleydrye.com
3  350 South Grand Avenue, Suite 3800
   Los Angeles, CA 90071
4  Telephone: (213) 547-4900
5  Facsimile:  (213) 547-4901

6  *Attorneys for Defendant*
   *Brickell Brands, LLC*
7

8              **UNITED STATES DISTRICT COURT**

9              **CENTRAL DISTRICT OF CALIFORNIA**

10

| | |
|---|---|
| MICHAEL DOTSON, individually, and on behalf of other members of the general public similarly situated, | Case No. |
| | **NOTICE OF REMOVAL** |
| Plaintiff, | [From the Superior Court of California, County of Los Angeles, Case No. 25STCV16963] |
| v. | |
| BRICKELL BRANDS, LLC, | Action Filed:       June 12, 2025 |
| Defendant. | Complaint Served: August 11, 2025 |
| | Removal Date:     September 4, 2025 |

11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

                                    CASE NO:
NOTICE OF REMOVAL

TO THE CLERK OF THE ABOVE-ENTITLED COURT:

PLEASE TAKE NOTICE that pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, defendant Brickell Brands, LLC ("Brickell") hereby removes the above-captioned action from the Superior Court of California, County of Los Angeles, to the United States District Court for the Central District of California. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332(a). In support of removal, Brickell respectfully states the following:

1. On June 12, 2025, plaintiff Michael Dotson ("Plaintiff") filed a putative class action complaint (the "Complaint") against Brickell in the Superior Court of California, County of Los Angeles, captioned *Dotson v. Brickell Brands, LLC*, Case No. 25STCV16963 (the "State Court Action").

2. A copy of the Complaint in the State Court Action is attached hereto as **Exhibit A**.

3. The Complaint alleges that Brickell sold several products that were "labeled as 'All Natural' but [] actually contain" several synthetic ingredients. (Compl. ¶ 9.) Plaintiff further alleges that he purchased Brickell's products believing them to be "All Natural" and that he "was unaware that the Product contained synthetic ingredients when he purchased it." (*Id.* ¶¶ 54, 56.) Plaintiff alleges that this conduct violated the California False Advertising Law, Cal. Bus. & Prof. Code §§ 17500 *et seq.* (the "FAL") and the California Unfair Competition Law, Cal. Bus. & Prof. Code §§ 17200 *et seq.* (the "UCL"). (*Id.* ¶ 1.)

## REMOVAL IS TIMELY

4. Plaintiff filed the Complaint on June 12, 2025.

5. Counsel for Brickell received the Complaint and waived formal service on August 11, 2025.

6. The time for Brickell to answer or otherwise respond to the Complaint in the State Court Action has not expired.

7. This Notice of Removal is filed within the time prescribed under 28

U.S.C. § 1446(b).

## GROUNDS FOR REMOVAL

8.    This Court has subject matter jurisdiction over this action because there is diversity of citizenship pursuant to 28 U.S.C. §§ 1332, 1441, and 1446. Specifically, this is a civil action between parties with complete diversity of citizenship involving an amount in controversy over $75,000.00, exclusive of costs.

## I.    Complete Diversity Exists

9.    Complete diversity of citizenship exists because Plaintiff does not share a state of domicile with Brickell.  (*See* Compl. ¶¶ 5–6.)

10.    A limited liability company is a citizen in every state in which its members are citizens.  *Johnson v. Columbia Props. Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006).

11.    For diversity purposes, an individual is a citizen of the state in which he is domiciled.  *Kantor v. Wellesley Galleries, Ltd.*, 704 F.2d 1088, 1090 (9th Cir. 1983).  Domicile is defined as the state in which the person resides with the intention to remain or to which he intends to return.  *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001).

12.    Here, Brickell's members are individuals who are domiciled in Maine; indeed, Plaintiff affirmatively alleges that Brickell "is a Maine limited liability company whose principal place of business is located in South Portland, Maine." (Compl. ¶ 6.)

13.    Upon information and belief, Plaintiff is a citizen of California for diversity jurisdiction purposes.  Indeed, Plaintiff affirmatively alleges that he "is an individual and citizen of California."  (*Id.* ¶ 5.).

14.    Because no plaintiff is a citizen of the same state as any defendant, complete diversity of citizenship exists under 28 U.S.C. 1332(a).

## II.    The Amount in Controversy Exceeds $75,000

15.    In the Complaint, Plaintiff does not demand monetary relief in a stated

sum.  Rather, he seeks "damages, injunctive relief, and any other available legal or equitable remedies."  (Compl. ¶ 1.)

16. While not specifically enumerated in the Complaint, the amount in controversy in this action exceeds the jurisdictional threshold of $75,000.00.

17. As the Supreme Court made clear in *Dart Cherokee Basin Operating Co. v. Owens*, to assert the amount in controversy adequately in a removal notice, a defendant need only provide a "short and plain" statement of the grounds for removal and need not make any "evidentiary submissions."  574 U.S. 81, 84 (2014), (quoting 28 U.S.C. § 1446(a)).

18. "By design," Section 1446(a)'s "short and plain statement" requirement was "borrowed from the pleading requirement" set forth in Federal Rule of Civil Procedure 8(a).  *Id*. at 87.

19. By borrowing the pleading standard of Rule 8, Congress "intended to 'simplify the pleading requirements for removal' and to clarify that the courts should 'apply the same liberal rules [to removal allegations] that are applied to other matters of pleading.'"  *Id.* (quoting H.R. Rep. No. 100-889 at 71 (1988)).

20. Thus, where, as here, a "defendant seeks federal-court adjudication, the defendant's amount-in-controversy allegation should be accepted when not contested by the plaintiff or questioned by the court."  *Id.*

21. In short, "a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold. Evidence establishing the amount [in controversy] is required only when the plaintiff contests" the amount on a remand motion "or the court questions, the defendant's allegation."  *Id.* at 89; *see also Acad. of Country Music  v. Cont'l Cas. Co.*, 991 F.3d 1059, 1068–69 (9th Cir. 2021) ("[T]he fact that the party removing a case to federal court has the burden of proving that the district court has jurisdiction does not mean that the notice of removal must in and of itself meet this burden."); *Arias v. Residence Inn by Marriott*, 936 F.3d 920, 925 (9th Cir. 2019) (vacating remand order where

NOTICE OF REMOVAL

district court failed to apply the plausibility standard to removal notice); *Ibarra v. Manheim Inv., Inc.*, 775 F.3d 1193, 1197–98 (9th Cir. 2015) (noting that under *Dart Cherokee*, "a defendant can establish the amount in controversy by an unchallenged, plausible assertion of the amount in controversy in its notice of removal").

22.    While Brickell denies that Plaintiff's claims have merit or that he is entitled to any relief, Brickell respectfully submits that it is plausible that the amount in controversy here exceeds $75,000 for the following reasons:

23.    In the Complaint, Plaintiff seeks "preliminary and permanent injunctive relief ordering Defendant to cease" its advertising. (Compl. ¶ 83.) Plaintiff further seeks orders "requiring Defendant, at its own cost, to notify all Class Members of the unlawful and deceptive conduct herein" and "requiring Defendant to engage in corrective advertising regarding the conduct discussed above." (*Id.* at Prayer.)

24.    When calculating the amount in controversy, "the potential cost to [Brickell] of complying with the injunction" by auditing and altering all of its product labels and engaging in nationwide corrective advertising "represents the amount in controversy for jurisdictional purposes relief." *In re Ford Motor Co./Citibank (S. Dakota), N.A.*, 264 F.3d 952, 958 (9th Cir. 2001).

25.    Moreover, even though injunctive relief alone satisfies the amount-in-controversy, Plaintiff further seeks an award of all "reasonable and necessary attorneys' fees and costs provided by statute, common law or the Court's inherent power" (Compl. at Prayer.)

26.    Although neither the FAL nor UCL expressly permit recovery of attorneys' fees, "[i]f a plaintiff prevails in an unfair competition law claim, it may seek attorney fees as a private attorney general pursuant to Code of Civil Procedure section 1021.5." *Walker v. Countrywide Home Loans, Inc.*, 98 Cal. App. 4th 1158, 1179 (2002); *see also* Cal. Civ. Proc. Code § 1021.5 (permitting private individuals to recover attorneys fees in actions that "resulted in the enforcement of an important right affecting the public interest"). The Court may therefore consider those

attorneys' fees when assessing whether the amount-in-controversy requirement is met. *Fritsch v. Swift Transp. Co. of Ariz., LLC,* 899 F.3d 785, 794 (9th Cir. 2018).

27.    Plaintiffs' counsel are likely to expend significant time on this matter due to nature of the purportedly misleading labeling, as well as the fees, briefings, and other expenditures associated with Plaintiff's allegations.  Plaintiff further makes allegations involving the meaning of "all natural" claims for reasonable consumers and whether certain chemical compounds "exist[] in or [were] formed by nature," which will likely require expert discovery.  (*See* Compl. ¶¶ 11–13; *see also id.* ¶¶ 14–45 (alleging 32 chemicals at issue).)

28.    Plaintiff further asserts that he is entitled to actual and punitive damages, together with pre- and post-judgment interest.  (Complaint at Prayer.)  He claims that his harm includes, but is not limited to "lost money," a waste of "Plaintiff's time," and the "[s]tress, aggravation, frustration, loss of trust, loss of serenity, and loss of confidence in product packaging."  This all should be included in the amount of controversy.  *See Greene v. Harley-Davidson, Inc.*, 965 F.3d 767, 772 (9th Cir. 2020) (holding that punitive damages are included in the amount in controversy where they may be awarded for the cause of action); *Guardarrama v. Chadorbaff*, No. 8:17-cv-00645, 2018 WL 5816191, at *11 (C.D. Cal. Apr. 30, 2018) ("Although, the appropriate ratio of punitive to compensatory damages will vary from case to case, many courts in the Ninth Circuit have found a ratio of three to one appropriate.").

29.    Brickell denies that Plaintiff is entitled to any monetary, equitable, or other damages whatsoever, nor to injunctive relief or attorneys' fees, but the potential for each form of damages alleged would elevate the amount in controversy well above $75,000, satisfying the statutory minimum from 28 U.S.C. § 1332(a).

## REMOVAL IS PROCEDURALLY PROPER

30.    Removal to this Court is proper because the Central District of California encompasses the location where the State Court Action was commenced and is pending—Los Angeles, California.  *See* 28 U.S.C. §§ 89(b), 1441(a).

31.    Brickell submits with this notice a copy of all process, pleadings, and orders served upon them in this action as **Exhibit B**. *See* 28 U.S.C. § 1446(a).

32.    Brickell will provide prompt written notice to Plaintiff, through counsel, of this removal, in accordance with 28 U.S.C. § 1446(d).

33.    Brickell will promptly file a copy of this notice of removal with the Clerk of the Superior Court of the State of California in and for the County of Los Angeles in accordance with 28 U.S.C. § 1446(d).

DATED:  September 4, 2025                    KELLEY DRYE & WARREN LLP
                                            Becca J. Wahlquist (SBN 215948)


                                            By:  */s/ Becca J. Wahlquist*
                                                 Becca J. Wahlquist

                                            *Attorneys for Defendant*
                                            *Brickell Brands, LLC*